FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 28 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

James A. McDevitt
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
P.O. Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

Thomas E. Perez
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
Benjamin J. Hawk
Trial Attorney
601 D St. NW
Washington, DC 20004
Telephone: (202) 514-8208

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD HERTZ,<br><br>    Defendant. | CR-10-098-RMP<br><br>PLEA AGREEMENT |

    Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, Joseph H. Harrington, Assistant United States Attorney for the Eastern District of Washington, Thomas E. Perez, Assistant Attorney General for the Civil Rights Division of the U.S. Department of Justice, and Benjamin J. Hawk, Trial Attorney for the Civil Rights Division of the U.S. Department of Justice, and Defendant, DONALD HERTZ, and his counsel, Dustin Deissner, agree to enter into the following Plea Agreement:

    1.    <u>Transfer of Venue</u>:

    DONALD HERTZ acknowledges that he has been charged by way of a two-

Plea Agreement- 1

count Indictment, dated August 25, 2009, in the District of Colorado, and that he has consented to transfer the case to the Eastern District of Washington, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, for entry of guilty pleas and sentencing. DONALD HERTZ understands that, pursuant to Fed. R. Crim. P. 20(c), should he enter a plea of not guilty to either of the charged offenses, the case shall be transferred back to the District of Colorado for trial.

2.  Plea and Maximum Statutory Penalties:

DONALD HERTZ agrees to plead guilty to Counts One and Two of the Indictment. Count One charges him with Interference with Freedom of Access to Reproductive Health Services, in violation of 18 U.S.C. § 248(a)(1). DONALD HERTZ understands this charge is a Class A misdemeanor offense that carries a maximum statutory penalty of: not more than a one-year term of imprisonment; not more than a $100,000 fine; not more than a one-year term of supervised release; and a $25 special assessment fee. DONALD HERTZ also understands the Court may impose an order of restitution, if any.

Count Two charges him with Interstate Transmission of Threatening Communications, in violation of 18 U.S.C. § 875(c). DONALD HERTZ understands this charge is a Class D felony offense that carries a maximum statutory penalty of: not more than a five-year term of imprisonment; not more than a $250,000 fine; not more than a three-year term of supervised release; and a $100 special assessment fee. DONALD HERTZ also understands that the Court may impose an order of restitution, if any.

3.  Consecutive Sentences and Violations of Supervised Release:

DONALD HERTZ understands that the Court has the authority to impose consecutive sentences for each conviction, which sentences he would have to serve one after the other. DONALD HERTZ also understands that a violation of a condition of supervised release carries an additional penalty of re-incarceration for all or part of the term of supervised release, without credit for time previously

Plea Agreement- 2

served on post-release supervision.

4. <u>The Court Is Not a Party to this Plea Agreement</u>:

DONALD HERTZ and the United States understand that the Court is not a party to this Plea Agreement and may accept or reject it. DONALD HERTZ also understands: that sentencing is a matter within the sole discretion of the Court; that the Court is under no obligation to accept any recommendations made by the United States and/or by DONALD HERTZ; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum penalty.

DONALD HERTZ acknowledges that no promises of any type have been made to him regarding the sentence that the Court will impose in this matter. DONALD HERTZ understands that the Court is required to consider the sentencing range applicable under the Sentencing Guidelines, but that the Court may depart upward or downward from the range.

DONALD HERTZ also understands that the Court may not accept any of the parties' recommendations set forth in this Plea Agreement. DONALD HERTZ understands further that such a circumstance does not provide him a basis for withdrawing from this Plea Agreement or for withdrawing either of his pleas of guilty.

5. <u>Waiver of Constitutional Rights</u>:

DONALD HERTZ understands that by entering a plea he is knowingly and voluntarily waiving certain constitutional rights, including: (a.) the right to a jury trial; (b.) the right to see, hear, and question the government's witnesses; (c.) the right to remain silent at trial; (d.) the right to testify at trial; and (e.) the right to compel witnesses to testify. While DONALD HERTZ understands he is waiving certain constitutional rights, he also understands that he will retain the right to be assisted through the sentencing process and the appellate process, if any, by an

Plea Agreement- 3

attorney, who will be appointed at no cost to him if he cannot afford to hire an attorney.

6. <u>Elements of the Offenses</u>:

DONALD HERTZ acknowledges and agrees that, in order to be found guilty of 18 U.S.C. § 248(a)(1), as charged in Count One of the Indictment, the United States would have to prove each of the following elements beyond a reasonable doubt:

First,    DONALD HERTZ used or threatened the use of force;

Second,    DONALD HERTZ intentionally injured, intimidated, or interfered with the victims, or attempted to do so; and

Third,    DONALD HERTZ acted because the victims were or had been, or in order to intimidate the victims from, providing reproductive health services.

DONALD HERTZ further acknowledges and agrees that, in order to be found guilty of 18 U.S.C. § 875(c), as charged in Count Two of the Indictment, the United States would have to prove each of the following elements beyond a reasonable doubt:

First,    DONALD HERTZ intentionally transmitted a communication in interstate commerce;

Second,    The communication contained a threat to injure a person; and

Third,    DONALD HERTZ acted with the specific intent to threaten.

7. <u>Factual Basis and Statement of Facts</u>

DONALD HERTZ acknowledges and agrees that, in proving the elements of the crimes to which he is pleading guilty, the United States can establish the following facts beyond a reasonable doubt, that these facts constitute an adequate basis for his pleas of guilty, and that for sentencing purposes, neither party is precluded from presenting additional facts and arguing the relevance of the facts to the Sentencing Guidelines computation or to sentencing generally, unless

Plea Agreement- 4

otherwise prohibited by this Plea Agreement:

(a.) On May 31, 2009, George Tiller, a physician who provided reproductive health services, was shot and killed.

(b.) The Defendant, DONALD HERTZ, learned of Dr. Tiller's death from media sources. The Defendant also learned from the media that some of Dr. Tiller's patients began obtaining reproductive health services from the Boulder Abortion Clinic (Clinic), which is operated by W.H. and located in Boulder, Colorado. The Defendant used an information service to obtain the telephone number for the Clinic.

(c.) On June 23, 2009, the Defendant, while located in Spokane, Washington, used a telephone to communicate to an employee of the Clinic, who was located in Boulder, and thereby intentionally transmitted a communication in interstate commerce. In an effort to conceal his identity, the Defendant dialed *67 before calling the Clinic in order to prevent his caller identification information from being obtained by the Clinic.

(d.) During the telephone call to the Clinic, the Defendant, by threat of force, intentionally intimidated and interfered with W.H. and the employees of the Clinic because they were, and in order to intimidate them from, providing reproductive health services. Specifically, the Defendant communicated to an employee of the Clinic that two of the Defendant's acquaintances were driving from Spanish Fork, Utah, to Boulder to kill members of W.H.'s family in order to make W.H. suffer because of his work at the Clinic. The Defendant knew the employee would communicate this threat to W.H. The Defendant intended for this threat to scare W.H. and the employees of the Clinic and to intimidate them so that they would stop providing abortions.

(e.) The Defendant's threat to injure W.H.'s family did in fact intimidate

Plea Agreement- 5

and interfere with W.H., W.H.'s family, and the employees of the Clinic. W.H. and his family feared for their own lives and the lives of each other. The Defendant's threat greatly disrupted their lives. Additionally, the employees of the Clinic feared for their own lives and the lives of each other and were impacted by the Defendant's threat.

8. <u>Waiver of Inadmissibility of Statements</u>:

DONALD HERTZ agrees that, if he withdraws either of his guilty pleas, he waives the inadmissibility of statements, if any, made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). DONALD HERTZ agrees further that any such inadmissible statements also include those statements made at the change of plea hearing to establish facts sufficient for the Court to accept his plea. DONALD HERTZ agrees that this waiver permits the United States to move for the introduction into evidence of any such inadmissible statements in its case-in-chief.

9. <u>Effect of Breach</u>:

DONALD HERTZ agrees if he breaches this Plea Agreement: that the Plea Agreement is null and void; that the time necessary to process the Fed. R. Crim. P. 20 consent to transfer is excludable under the Speedy Trial Act; that he expressly waives the right to challenge the initiation of additional charges against him for any criminal activity; and that the United States may make derivative use of and may pursue any investigative leads suggested by him.

10. <u>United States Sentencing Guidelines Calculation</u>:

The United States and DONALD HERTZ acknowledge that the final Sentencing Guidelines calculations will be determined by the Court, with input from the U.S. Probation Office. The United States and DONALD HERTZ reserve the right to advise the Court and the U.S. Probation Office about the law and facts applicable to any sentencing issues.

Plea Agreement- 6

    (a.)   *Base Offense Level*

The United States and DONALD HERTZ agree: that the base offense level for Count One is 12, U.S.S.G. §§ 2H1.1(a)(1) and 2A6.1; that the base offense level for Count Two is 12, U.S.S.G. § 2A6.1; and that the adjusted offense level after grouping is 12, U.S.S.G. § 3D1.2.

    (b.)   *Acceptance of Responsibility*

If DONALD HERTZ pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, provides complete and accurate information during the sentencing process, and does not commit any obstructive conduct, the United States will recommend a two-level reduction of his adjusted offense level for acceptance of responsibility. The resulting offense level would be 10.

DONALD HERTZ agrees to pay the $25 mandatory special assessment for Count One and the $100 mandatory special assessment for Count Two to the Clerk of the Court for the Eastern District of Washington before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition of this recommendation by the United States. 18 U.S.C. § 3013. If DONALD HERTZ lacks the financial resources to pay the assessment at or before sentencing and if he is placed in a Bureau of Prison facility to serve any term of incarceration imposed by the Court, he agrees to participate in the Bureau of Prison's Inmate Financial Responsibility Program in order to pay the assessment.

DONALD HERTZ and the United States also agree that the United States may, at its option and upon written notice to DONALD HERTZ, not recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, he is charged with or convicted of any criminal offense whatsoever and/or if he tests positive for any controlled substance.

Plea Agreement- 7

(c.) *Criminal History*

DONALD HERTZ and the United States understand that his criminal history computation will be determined by the Court, based on input from the U.S. Probation Office and the Presentence Investigation Report. DONALD HERTZ and the United States acknowledge they have made no agreement and have made no representations as to the Criminal History Category within which DONALD HERTZ will be placed.

11. <u>Incarceration</u>:

The United States agrees not to oppose a request by DONALD HERTZ that he be permitted to serve any term of incarceration imposed by the Court in home detention, so long as any such request comports with the Sentencing Guidelines. DONALD HERTZ and the United States acknowledge that they are otherwise free to make whatever sentencing recommendations concerning incarceration that they deem appropriate.

12. <u>Criminal Fine</u>:

DONALD HERTZ and the United States reserve the right to make whatever recommendation(s) they deem appropriate concerning the imposition of a criminal fine.

13. <u>Supervised Release</u>:

DONALD HERTZ and the United States reserve the right to make whatever recommendation(s) they deem appropriate concerning the imposition of a term of supervised release.

14. <u>Payments While Incarcerated</u>:

If DONALD HERTZ lacks the financial resources to pay any monetary obligations imposed by the Court, including any fine and/or restitution, and if he is placed in a Bureau of Prison facility to serve any term of incarceration imposed by the Court, he agrees to participate in the Bureau of Prison's Inmate Financial Responsibility Program to earn money to pay toward any such obligations.

Plea Agreement- 8

15. <u>Additional Violations of Law Can Void Plea Agreement</u>:

DONALD HERTZ and the United States agree that the United States may, at its option and upon written notice to DONALD HERTZ, withdraw from this Plea Agreement or renegotiate its recommendations if, prior to the imposition of sentence, he is charged with or convicted of any criminal offense whatsoever or if he tests positive for any controlled substance.

16. <u>Waiver of Appeal Rights</u>:

DONALD HERTZ acknowledges that his guilty pleas are unconditional and that, upon entry of those pleas pursuant to this Plea Agreement, he waives the appeal of all pending pretrial issues, if any, arising in this case. On the condition that the Court imposes a custodial sentence that is within or below the Guidelines sentencing range (or any statutory mandatory minimum sentence if greater) as determined by the Court, DONALD HERTZ agrees to waive: a) any right conferred by 18 U.S.C. § 3742 to appeal the sentence imposed, including any restitution order and b) any right to seek a reduction of sentence or other attack of the conviction or sentence, including but not limited to proceedings pursuant to 28 U.S.C. § 2255 (Writ of Habeas Corpus), except as any such attack directly relates to the effectiveness of his legal representation. The United States and DONALD HERTZ agree and acknowledge that this waiver does not preclude DONALD HERTZ from seeking relief under 28 U.S.C. § 2241 to address the conditions of his confinement or the decisions of the U.S. Bureau of Prisons regarding the execution of his sentence. Nothing in this Plea Agreement precludes the United States from opposing any such request for relief.

Should the conviction(s) be set aside, reversed, vacated, or dismissed, this Plea Agreement is null and void and the United States may institute or re-institute any charges against DONALD HERTZ and make derivative use of any statements or information he has provided.

Plea Agreement- 9

17. <u>Integration Clause</u>:

DONALD HERTZ and the United States acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms or conditions not stated herein. The parties agree this Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington and the Civil Rights Division for the United States Department of Justice, and cannot bind other federal, state, or local authorities. The parties also agree that this agreement cannot be modified except in a writing that is signed by the parties.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington and the Civil Rights Division of the U.S. Department of Justice.

James A. McDevitt
United States Attorney

*[signature]*

~~Joseph H. Harrington~~ AINE Ahmed          7/28/10
Assistant United States Attorney              Date


Thomas E. Perez
Assistant Attorney General

*[signature]*

~~Benjamin J. Hawk~~ Stephen Curran          July 28, 2010
Trial Attorney                                Date

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter

Plea Agreement- 10

into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     28 July 2010
Donald Hertz                                                Date
Defendant

I, Russell Van Camp, hereby acknowledge that I am counsel for DONALD HERTZ in the above-captioned case. I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead as set forth in the Plea Agreement. To the best of my knowledge, DONALD HERTZ has no viable defense to the instant charge and there is no legal reason why the Court should not accept his pleas of guilty.

_____     28 July 2010
Russell Van Camp  WA. 5385                     Date
Attorney for the Defendant

Plea Agreement- 11